# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
July 9, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JADA L. ASTON,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1074**  (BOR Appeal No. 2049365)
(Claim No. 2012017947)

**MOUND VIEW HEALTH CARE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jada L. Aston, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mound View Health Care, Inc., by Gary Nickerson and James Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 24, 2014, in which the Board affirmed a March 21, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 21, 2013, decision denying a request for authorization of hand therapy.[1] Additionally, the Office of Judges affirmed the claims administrator's July 25, 2013, decision denying a request to add impingement of the shoulder/rotator cuff tear[2] and cubital tunnel syndrome as compensable components of the instant claim.[3] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

---

[1] Ms. Aston has not appealed the affirmation of the June 21, 2013, decision denying a request for authorization of hand therapy.

[2] Ms. Aston has not appealed the denial of the request to add impingement of the shoulder/rotator cuff tear as a compensable component of the instant claim. Further, this Court notes that Ms. Aston has filed a separate claim arising from a right shoulder injury sustained on August 18, 2011, in which the diagnoses of impingement of the shoulder/rotator cuff tear have been accepted as compensable diagnoses.

[3] Additionally, the Office of Judges affirmed the claims administrator's July 18, 2013, decision denying a request for authorization of an EMG. However, the July 18, 2013, claims administrator's decision was not appealed to the Board of Review.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

As already noted, the sole issue on appeal to this Court concerns Ms. Aston's request to add cubital tunnel syndrome as a compensable component of the instant claim. On November 21, 2011, Ms. Aston filed a Report of Injury indicating that she injured her wrists and hands through the repetitive use of her hands in the course of her employment as a registered nursing assistant.[4] The physician's portion of the Report of Injury indicated a diagnosis of bilateral carpal tunnel syndrome. On December 12, 2011, Mary Haus, M.D., Ms. Aston's treating physician, diagnosed bilateral cubital tunnel syndrome and opined that its presence was confirmed via EMG. On August 14, 2012, the claim was held compensable for bilateral carpal tunnel syndrome.

Dr. Haus filed a diagnosis update request on May 8, 2013, listing bilateral carpal tunnel syndrome as the primary diagnosis and cubital tunnel syndrome as a secondary diagnosis. However, in a treatment note dated May 15, 2013, Dr. Haus opined that although evidence of cubital tunnel syndrome is present in the previously-performed EMGs, she cannot substantiate the conclusion that the diagnosis of cubital tunnel syndrome is work-related. On May 31, 2013, Rebecca Thaxton, M.D., performed a physician's review. She recommended denying the request to add cubital tunnel syndrome as a compensable diagnosis and noted that Dr. Haus's diagnosis update request failed to link the diagnosis of cubital tunnel syndrome to Ms. Aston's employment.

The claims administrator initially denied the request to add cubital tunnel syndrome as a compensable component of the claim on June 4, 2013. On July 23, 2013, the StreetSelect Grievance Board determined that the denial of Ms. Aston's request to add cubital tunnel syndrome as a compensable component of the claim was appropriate and concluded that the diagnosis of cubital tunnel syndrome represents an incidental finding with no evidence that it arises from occupational exposure. On July 25, 2013, the claims administrator once again denied Ms. Aston's request to add cubital tunnel syndrome as a compensable component of the claim. In its Order affirming the July 25, 2013, claims administrator's decision, the Office of Judges held that Ms. Aston has failed to demonstrate that she developed cubital tunnel syndrome in the course of and resulting from her employment. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated September 24, 2014. On appeal, Ms. Aston asserts that the evidence on which the Office of Judges relied in holding the claim

---

[4] This Court notes that the only evidence provided by Ms. Aston in support of her appeal from the Board of Review's September 24, 2014, Order consists of copies of the Orders below, in violation of West Virginia Rule of Appellate Procedure 12(f).

compensable for bilateral carpal tunnel syndrome in a separate decision also supports the addition of cubital tunnel syndrome as a compensable component of the claim.[5]

The Office of Judges found that although Dr. Haus diagnosed Ms. Aston with bilateral cubital tunnel syndrome, the evidence of record does not establish that she developed cubital tunnel syndrome as a result of her employment as corroborated by the opinions of Dr. Thaxton, the StreetSelect Grievance Board, and Dr. Haus's own statement that she cannot substantiate a link between the diagnosis of cubital tunnel syndrome and Ms. Aston's employment. On appeal to this Court, Ms. Aston has not provided any evidence refuting the conclusions the Office of Judges and Board of Review and in fact also failed to provide any evidence in support of her argument aside from the Orders of the claims administrator, Office of Judges, and Board of Review. Therefore, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 9, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[5] None of the evidence on which the Office of Judges relied in its August 14, 2012, decision holding the instant claim compensable for bilateral carpal tunnel syndrome, including the Order itself, was provided on appeal to this Court.

3